

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## No. WR-81,867-01

### EX PARTE CORY DALE MORGAN, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 12-1212-K368A
### IN THE 368TH DISTRICT COURT FROM WILLIAMSON COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession with intent to distribute four grams or more but less than 200 grams of methamphetamine and was sentenced to twenty years' incarceration. There was no direct appeal.

Applicant contends, *inter alia*, that he agreed to plead guilty to the drug offense with an affirmative deadly weapon finding instead of pleading guilty to it with a finding it was committed in a drug-free zone. *See* TEX. CODE CRIM. PROC. art. 42.12 § 3g(a)(2); CONTROLLED SUBSTANCES ACT § 481.134(c). He states that his decision was based on trial counsel's advice that he would be

eligible for parole consideration earlier with a deadly-weapon finding than with a drug-free-zone finding. *See* TEX. GOV'T CODE §§ 508.145(d)(1), (e). He argues that the advice was incorrect and that his plea was therefore involuntary. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Ex Parte Moussazadeh,* 361 S.W.3d 684 (Tex. Crim. App. 2012)*.* The habeas record forwarded to this Court contains no response from trial counsel regarding plea offers or his advice to Applicant regarding parole eligibility.

Applicant has alleged facts that, if true, might entitle him to relief. *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact.

The trial court shall order Applicant's trial counsel to explain his representation of and advice to Applicant and respond to the claim that Applicant's guilty plea was not voluntary due to counsel's parole advice. To obtain the response, the trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law regarding whether trial counsel's advice was incorrect as Applicant alleges and, if so, whether the advice rendered Applicant's guilty plea involuntary. The trial court may also make any other findings of fact and conclusions of law it deems relevant and appropriate.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all

affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: September 24, 2014
Do not publish